CLIFTON, Circuit Judge,
dissenting:
I respectfully dissent from the majority’s disposition of this case, because I agree with the district court that the constitutional violation that occurred was harmless under the standard of Brecht v. Abrahamson, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).
In my view, Unruh has failed to establish that a jury would not have found, beyond a reasonable doubt, that Unruh’s *659 acts of violence, in particular his treatment of T., a 13-year-old boy, involved a high degree of viciousness and callousness. Unruh shot T.’s mother in the face. After T. discovered his mother bleeding and lying on the floor, Unruh grabbed a larger gun and held it to T’s head, holding T. hostage for two minutes and causing him to believe he was going to die.
I am not in grave doubt as to what conclusion the jury would have reached. It seems to me more likely than not that a jury would have found, as did the trial court, that this sequence of events revealed a high degree of viciousness and callousness. The key facts that made Un-ruh’s crime a highly vicious and callous one were beyond those necessary to establish the essential elements of the counts of violence against T. or of the associated use of a firearm enhancement imposed on each count. See CaLPenal Code § 1170(b) (2005); Cal. R. Ct. 4.420(d) (2005).
Having concluded that one of the aggravating circumstances, the high degree of viciousness and callousness involved, would have been found by a jury, it is unnecessary to consider the other potential aggravating circumstances. The upper term sentence may be validly imposed based on a single aggravating circumstance. See Butler v. Curry, 528 F.3d 624, 642-43 (9th Cir.2008). As a result, the constitutional violation in this case was harmless. I would affirm.